GEORGE E. MAYGER, Appellant, v. JOHN R. S. NICHOLS, Respondent.

St. Louis Court of Appeals, December 8, 1914.

1. **CORPORATIONS: Liability for Tort of Officers: Conversion.** In order to render a corporation liable for the tort of its secretary in converting shares of its capital stock, the certificates of which were sent to him to be transferred, it must be shown that the secretary, in converting the stock, was acting for the corporation.

2. **RES ADJUDICATA: Persons Concluded: Master and Servant.** Where the subject of the litigation does not concern the employment or the relation of master and servant, there is no privity between the master and the servant, and hence a judgment in favor of the master is not available to the servant as the basis of a plea of *res adjudicata*, in an action subsequently brought against him.

3. ———: ———: ———. A judgment in favor of a corporation, in an action for the conversion by its secretary of shares of its capital stock, the certificates of which were sent to him to be transferred, was not a bar, under the doctrine of *res adjudicata*, to the maintenance of an action for the conversion against the secretary as an individual.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*Frank Y. Gladney* for appellant.

The court erred in failing to sustain the plea of former adjudication, and in sustaining the demurrer thereto and awarding judgment for defendant. McGinnis v. Railroad, 200 Mo. 347; Anderson v. Railroad, 200 Ill. 329; Emery v. Fowler, 39 Maine, 326; Lippman v. Campbell, 40 Mo. App. 564.

*Campbell Allison* for respondent.

(1) "Parties" are all persons having a right to control the proceedings to make defense to adduce or examine witnesses or appeals. Henry v. Wood, 77 Mo. 277; Strong v. Phoenix Sur. Co., 62 Mo. 289. (2) If the previous action was between different parties, the judgment will not be a bar. Block v. Dorman, 51 Mo. 31; State ex rel. v. Bruneck, 134 Mo. 592. (3) If in a suit by different plaintiffs against the same defendants, even as to the same general subject-matter, the former judgment is not a bar. McGill v. Wallace, 22 Mo. App. 675; Lobner v. Hassinbusch, 56 Mo. App. 591. (4) If to sustain the second action different proofs are required to sustain the first, the former is not a bar to the latter. Garland v. Smith, 164 Mo. 1; Springfield v. Plummer, 89 Mo. App. 515.

NORTONI, J.—This is an action in trover as for conversion. The court sustained a demurrer to plaintiff's reply to defendant's counterclaim and plaintiff appeals from that judgment.

Plaintiff sued defendant as for the conversion of 430 shares of stock in the St. Louis Mining & Milling Company of Montana, said to be owned by him. Among other things, defendant answered by setting up a counterclaim to the effect that plaintiff converted to his own use seventy shares of stock in the same corporation owned by him. In reply to this counterclaim, plaintiff pleaded as a bar to the right of recovery for the seventy shares of stock, a former adjudication in a suit wherein the present defendant was plaintiff and the St. Louis Mining & Milling Company of Montana was defendant. The court sustained a demurrer to this reply, in the view that the subject-matter of defendant's counterclaim is not *res adjudicata,* because of the former suit between defendant as plaintiff and the corporation as defendant.

It appears that plaintiff is the secreary of the St. Louis Mining & Milling Company of Montana and defendant was an agent engaged in selling stock for that corporation. Defendant insists that the 500 shares of stock—the conversion of 430 of which is declared upon in plaintiff's petition, and the conversion of the seventy shares of which is declared upon in defendant's counterclaim—were given to him by the corporation as a bonus. On the other hand, plaintiff insists the 500 shares of stock belonged to him and that he merely loaned them to defendant for a purpose. At any rate, it appears defendant mailed seventy of the shares of stock to plaintiff as secretary of the Mining Company, with the request to cause them to be transferred on the books, and plaintiff retained them as his own. Thereafter, defendant, as plaintiff, sued the St. Louis Mining & Milling Company in conversion for the value of the seventy shares of stock, alleging that the corporation had converted them through the act of its secretary, Mayger, plaintiff here. On a trial of this issue, the finding and judgment were for the corporation. Subsequently, plaintiff, Mayger, secretary of the corporation, instituted this suit against defendant as for the conversion of the remaining 430 shares of stock, and thereupon defendant in his answer counterclaimed against plaintiff as for the conversion of the seventy shares of stock before mentioned, which were involved as the subject-matter of his former suit against the corporation. The judgment having been for the defendant corporation in the former suit with respect to these shares of stock, plaintiff pleads it in his reply to defendant's counterclaim as *res adjudicata* of the subject-matter here.

So much of plaintiff's reply to defendant's counterclaim as is necessary to look to in disposing of the question presented by the appeal is as follows:

"The St. Louis Mining and Milling Company of Montana mentioned in the counterclaim of the cause herein, is the same corporation that was a party defendant to the former proceeding just described; that the seventy shares of stock mentioned in said counterclaim are the same shares of stock involved in the former proceeding; that the certificate No. 760 is the same as that described in the former proceeding; and that the acts and deeds set out in said counterclaim as a cause of action against this plaintiff are the same acts and deeds of which the said J. R. S. Nichols complained in the former proceeding. That in said former proceeding, the said J. R. S. Nichols offered and introduced evidence to prove that the plaintiff herein, George E. Mayger, was Secretary and agent of the St. Louis Mining and Milling Company of Montana, and that as such officer and agent, he converted to his own use, the said certificate of stock referred to as No. 760, both in the former proceeding and in said counterclaim; that in said former proceeding, the said J. R. S. Nichols did not prove or attempt or offer to prove that said corporation had converted said stock in any other manner or by any other means than through and by the acts of its Secretary, who was the present plaintiff, George E. Mayger."

The court sustained defendant's demurrer to this reply, in the view that, though a judgment had been given for the defendant corporation in the former suit, it did not conclude the matter in favor of plaintiff Mayger, as he may have, even though secretary of the corporation, converted the stock individually. It is argued this was error, for it is said, since the wrongdoing of the corporation was alleged to be exclusively an imputed wrong of Mayger, acting as secretary, the judgment for the corporation in the former suit necessarily implies that there was no wrongdoing on the part of Mayger. We are unwilling to accede to this view, for it may be that Mayger,

plaintiff, individually converted the seventy shares of stock to his own use, so as to entail no obligation whatever on the corporation of which he was secretary, to respond. If such be true, the cause of action is not identical in the two cases, for in the former case the alleged tort was that of the corporation and in this one the tort is that of the secretary, Mayger, unless the case reveals the essential privity which renders the act of Mayger that of the corporation.

It is conceded that Mayger, the secretary of the corporation, who is plaintiff here, was not a party to the former suit against the corporation, and this being true, the judgment in favor of the company of which he is secretary could inure to his benefit only through the doctrine of *respondeat superior,* affording the privity. The case is not one where it is clear the agent was acting within the scope of his authority for the master corporation, for, because of the tort involved, the implication of law excludes that view. In order to have rendered the corporation liable for the tort of its secretary in converting the stock, something more than the mere relation of corporation and officer must appear—that is to say, something tending to show that plaintiff Mayger was acting for the company. In such circumstances alone would the tort of Mayger be the tort of his principal, the corporation of which he was secretary. On the other hand, if Mayger, the secretary of the company, as an individual, converted the seventy shares of stock to his own use, aside from his employment and without authority or ratification on the part of the company, he alone should respond therefor.

The mere fact that plaintiff was secretary of the company does not render him a privy to the judgment acquitting the corporation of a tort committed by him outside of the line of his authority and apart from his employment. It is certain that there is no privity between master and servant where the subject of the

litigation does not concern the employment, or the relation of employer and employee is not a feature of the subject-matter in controversy. [See 23 Cyc. 1265.]. The principle of *respondeat superior* is beside the case, for it does not appear that Mayger was acting for and with the authority of the corporation at the time he is alleged to have converted the stock for which the company was acquitted of fault in the former judgment. If plaintiff converted the seventy shares of stock, acting for himself, and without authority from the company, he is, of course, liable to respond in this suit therefor.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.